IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

AUTO-OWNERS INSURANCE            )        C.A. No.:  **2:21−cv−03061-BHH**
COMPANY and OWNERS INSURANCE     )
COMPANY,                         )
                                 )
            Plaintiff,           )
                                 )        **COMPLAINT**
        -versus-                 )        **(non-jury matter)**
                                 )
FISH THIS, LLC and DELANA I RAST, )
                                 )
            Defendants.          )
_____ )

COMES NOW, the Plaintiff above named, Auto-Owners Insurance Company, ("Auto-Owners") and Owners Insurance Company ("Owners") collectively unless otherwise stated, "Plaintiffs") complaining of the Defendants above named, alleges and states that:

1.     Auto-Owners is a corporation organized under the laws of Michigan qualified to do business in South Carolina who was, at all times referred to herein, having its principal place of business in the state of Michigan.  Owners is a corporation organized under the laws of Ohio qualified to do business in South Carolina who was, at all times referred to herein, having its principal place of business in the state of Michigan.

2.     The Defendant, Fish This, LLC ("Fish") is a corporation organized under the laws of South Carolina qualified to do business in South Carolina who was, at all times referred to herein, having its principal place of business in the state of South Carolina.  Delana I Rast ("Rast") is a South Carolina resident and citizen.  Fish is insured by Auto-Owners as described further *infra*.  Rast is insured by Owners as described further *infra*.

-1-

3.      Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Beaufort Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

4.      This matter involves a declaratory judgment action to determine whether coverage exists pursuant to commercial general liability ("CGL") contract of insurance entered into between Auto-Owners and Fish and a contract of insurance entered into between Owners and Rast.

5.      Auto-Owners provided coverage to Fish for the period of September 29, 2020, until September 29, 2021 bearing policy number 202316-36040222-20 ("Fish policy").  The Fish policy is a commercial general liability policy and does not contain under insured property damage coverage.   A copy of the Fish policy is attached hereto as Exhibit "A".

6.      Owners provided coverage to Rast for the period of May 9, 2020, until May 9, 2021 bearing policy number 50-340-590-00 ("Rast policy").  The Rast policy is a personal lines automobile policy/ A copy of the Rast policy is attached as Exhibit "B".

7.       This action is brought pursuant to the Federal Declaratory Judgment Act, codified at  28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that neither the Fish policy nor the Rast policy provide coverage for the underlying lawsuit brought by Fish against Jacob S. Berry pending in Colleton County, South Carolina as described *infra*.

### FACTUAL ALLEGATIONS

8.      On or about March 1, 2021,  a complaint was filed in the Court of Common Pleas, Colleton, County, South Carolina, captioned as *Fish This, LLC, Plaintiff vs. Jacob S. Berry, Defendant,* C.A. No.: 2021-CP-15-00128 (hereinafter "the underlying lawsuit and/or Lawsuit").    The Lawsuit is

attached as Exhibit "C".  The Lawsuit is an automobile tort action whereby Jacob S. Berry is alleged to have operated his vehicle negligently causing damage to real property owned by Fish located at 102 Palmetto Boulevard, Edisto Island, South Carolina.   The Lawsuit alleges damages of approximately $47,500, unspecified loss of use damages, and punitive damages.

9.       Upon information and belief, Jacob S. Berry is insured by another insurance company for minimum limits as required by South Carolina law.

10.      Fish served the Lawsuit on Auto-Owners pursuant to SC Code Ann. § 38-77-160 ("the UIM statute") on or about July 21, 2021, purporting to put Auto-Owners on notice of a UIM claim.  The sole Plaintiff is Fish.  Auto-Owners did not provide UIM insurance to Fish.

11.      Auto-Owners has denied any obligation under the Fish policy to Fish.  Auto-Owners filed a conditional answer in response to the Lawsuit also denying any obligation to pay damages to Fish.

12.      In response, Fish has, upon information and belief, advised Owners that while coverage may not exist under the Auto-Owners policy, because Rast is an owner of Fish her personal lines policy which does have UIM coverage applies.  Owners disagrees and also denied any obligation under the Rast policy as outlined in its denial letter attached as Exhibit "C".

13.      Owners denied  any obligation under the Rast policy because Fish does not qualify as an insured under the Rast policy.  Fish did not have a vehicle in the subject accident which would trigger any UIM benefits.  Rast is not a party to the Lawsuit.  Owners has not been served with the lawsuit and no information has been provided to Owners which would tend to establish any obligation under the Owners policy as requiring indemnity payments under the UIM property damage coverage to Fish or Rast.

14.       Upon information and belief Fish and Rast disagree with Auto-Owners and Owners position.

Upon information and belief, the garaging location listed on the Rast policy is 507 Palmetto Boulevard, Edisto Island, South Carolina as evidenced on Exhibit "B".

15.    The amount in controversy in the underlying lawsuit identified above exceeds the jurisdictional amount of $75,000.00 as the object of the litigation is the $100,000 Rast Policy and/or the $2 million Fish policy.

16.    The Fish policy does not have UIM coverage.  The Rast policy does not apply, because Fish does not qualify as an insured under the Rast policy.  Fish did not have a vehicle in the subject accident, nor did Rast which would trigger any UIM benefits under South Carolina law.  Rast is not a party to the Lawsuit and Owners has not been served with the Lawsuit as required by the UIM statute.

17.    Upon information and belief, South Carolina law applies to the interpretation of the Auto-Owners and Owners policies of insurance.

18.    Auto-Owners and Owners are informed that a justiciable controversy exists between the parties, and that the parties named as Defendants have or may claim an interest in the subject matter of this litigation, in that the disposition of the insurance policies in this matter will affect the rights and liabilities of the defendants in regard to their own exposure to damages which are the subject of the Lawsuit.  Auto-Owners and Owners pray that the Court inquire into the dispute between the parties, review the policy and applicable facts and law, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the policies in question.

19.    Auto-Owners and Owners are informed and believes that the policy, in fact, does not afford coverage to the Defendants.  Auto-Owners and Owners, therefore, brings this action seeking a declaration from this Honorable Court that it is under no duty or obligation, pursuant to the Policies,

to defend and/or indemnify them for any matter relating to the Lawsuit, or any judgment arising therefrom.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action)

20.    Plaintiffs  re-alleges and re-avers the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.    Auto-Owners and Owners are informed and believe that this Honorable Court has the power pursuant  to 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

22.    Upon information and belief, no coverage exists under the Policies for the acts and/or omissions complained of by the underlying plaintiff against Jacob S. Berry in the Lawsuit.  Plaintiffs are entitled to an Order and judgment declaring that it is under no duty or obligation, pursuant to the Policies, to indemnify Fish or Rast for any matter whatsoever relating to the Lawsuit, or any judgment or settlement arising therefrom.

WHEREFORE, Plaintiffs pray that this Honorable Court issue an Order declaring that it is under no obligation or duty to defend and/or indemnify the Defendants in any manner regarding the Lawsuit, or any judgment arising therefrom, and for such other and further relief as this Honorable Court may deem just and proper.

[SIGNATURE INTENTIONALLY ON FOLLOWING PAGE]

Dated this  22nd  day of September, 2021.

Respectfully submitted,

WALL, TEMPLETON & HALDRUP P.A.

 s/ Morgan S. Templeton
Morgan S. Templeton (Fed ID# 7187)
145 King Street, Suite 302
Post Office Box 1200
Charleston, South Carolina  29402
(843) 329-9500
ATTORNEYS FOR PLAINTIFF
